997 P.2d 602

**D.A.R., INC., an Idaho corporation, attorney in fact for Dale Rudzik, a partner in Expressions in Gold, Plaintiff–Appellant,**

v.

**Rosemary SHEFFER and Michael Sheffer, Defendants–Respondents.**

No. 24732.

Supreme Court of Idaho, Boise, November 1999 Term.

March 23, 2000.

A.L. Lyon, Boise, argued for appellant.

Hawley, Troxell, Ennis & Hawley, Ketchum, for respondents. Edward A. Lawson argued.

WALTERS, Justice.

This is an appeal from an order dismissing the plaintiff's complaint for a partnership accounting. The order was based on the defendants' assertion that the action was commenced beyond the applicable statute of limitation. We agree and affirm the dismissal order.

## FACTS AND PROCEDURAL BACKGROUND

On April 14, 1997, D.A.R., Inc., an Idaho corporation and attorney in fact for Dale Rudzik, filed a complaint seeking an accounting relating to a business in which he, his sister, Rosemary Rudzik Sheffer, and their mother, Anne Rudzik, were partners. The partnership, formed in 1983, was operated in Ketchum, Idaho, under the trade name "Expressions in Gold."

The complaint alleged that each partner originally owned a one-third interest in Expressions in Gold. The complaint also alleged that three months before her death in June of 1993, Anne Rudzik may have conveyed her interest to Rosemary Sheffer who subsequently gave her entire interest to her husband, Michael. It was asserted that the transfer to Michael Sheffer had been made without the approval of the partnership, as required by I.C. § 53–327. It was also as-

serted that because Dale's prior requests for an accounting from Rosemary had been ignored, he began this action for an accounting to ascertain whether any amounts from the partnership were due and payable to him. Dale's complaint sought the accounting as its sole relief; he did not request a determination of any other property rights or interests of the parties.

The Sheffers did not answer the complaint but instead filed a motion under Idaho Rule of Civil Procedure (I.R.C.P.) 12(b)(6) to dismiss the complaint on the ground that it failed to assert a claim for which relief could be granted. In particular, the Sheffers alleged that the action was barred by the statute of limitation. The Sheffers contended that the applicable period began to run as of the date of the dissolution of the partnership which occurred either on December 31, 1990, when Rosemary allegedly notified Dale in writing that his interest in the partnership would be terminated as of December 31, 1990, and his original investment repaid along with forgiveness of his share of the partnership losses for the year,[1] or on March 1, 1993, when Anne Rudzik transferred her interest in the partnership to Rosemary.

Dale maintained that no dissolution had been effectuated. In support of his position, he submitted a copy of an order of the probate court in a proceeding involving the estate of Anne Rudzik in California[2] and a settlement agreement in the probate action dated June 20, 1997, which was signed by Anne Rudzik's three children. Dale asserted in this case that the order and the settlement agreement expressly acknowledged that Rosemary owned a two-thirds interest and Dale owned a one-third interest in the partnership known as Expressions in Gold.

The district court determined that Dale in fact owned a one-third interest in the Expressions in Gold partnership, but that the partnership had been dissolved. Finding that the plaintiff's action for a partnership accounting was filed beyond the four-year

period of limitation set out in either I.C. § 5–217 or I.C. § 5–224, the district court held that the action was time barred and dismissed the complaint with prejudice.

On appeal, Dale claims that the district court erred in granting the defendants' motion for dismissal, arguing that the court was precluded from finding that the partnership had been dissolved because that issue had been conclusively settled by the decision of the California court. Dale argues that judgment in favor of the defendants should not have been granted because the order from the California court created a genuine issue of material fact as to the adequacy of the notice he received from Rosemary purporting to terminate his interest in the partnership. Dale also argues that summary judgment was improperly granted in that discovery had not yet been completed. Lastly, he contests the award of attorney fees to the Sheffers who had never made a request for fees to the district court.

## STANDARD OF REVIEW

If, on a motion asserting failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. I.R.C.P. 12(b), (c); *Boesiger v. DeModena*, 88 Idaho 337, 399 P.2d 635 (1965); *Hellickson v. Jenkins*, 118 Idaho 273, 796 P.2d 150 (Ct. App.1990).

Summary judgment should be granted if no genuine issue as to any material fact is found to exist after the pleadings, depositions, admissions and affidavits have been construed in a light most favorable to the party opposing the summary judgment. *Moss v. Mid–American Fire & Marine Ins. Co.*, 103 Idaho 298, 647 P.2d 754 (1982). The burden is on the moving party to prove the

---

1. The record on appeal does not contain a letter or a canceled check which would document such a communication from Rosemary to Dale.

2. The estate proceeding was captioned as "In Re The Matter of Anne Rudzik Intervivos Trust of February 7, 1990," and was filed in the Superior Court of Orange County, California, as Case No. A175733.

absence of a genuine issue of material fact. I.R.C.P. 56(c). The party opposing the motion may not merely rest on the allegations contained in the pleadings; rather, evidence by way of affidavit or deposition must be produced to contradict the assertions of the moving party. *Ambrose ex rel. Ambrose v. Buhl Joint School Dist. No. 412,* 126 Idaho 581, 887 P.2d 1088 (Ct.App.1995).

## ANALYSIS

In *Ramseyer v. Ramseyer,* 98 Idaho 47, 558 P.2d 76 (1976), this Court held that an action for an accounting that was filed more than four years after the date of dissolution of the partnership was barred by the statute of limitation governing actions on oral contracts, under I.C. § 5–217, or actions for relief not covered by any specific statute, under I.C. § 5–224. Relying on these same statutes and after determining that the Expressions in Gold partnership was dissolved, the district court in this case found that the action was time-barred and dismissed the complaint seeking an accounting of Dale Rudzik's interest in the partnership.

Dale claims the dismissal was in error. He argues that the district court was precluded by principles of *res judicata* and collateral estoppel, from concluding that the Expressions in Gold partnership was dissolved because that issue had been previously decided in the probate action in California. The order from the California court, dated August 1996, specifically stated that the facts upon which Rosemary relied in claiming that she had dissolved the partnership in 1990/1991 were insufficient to accomplish that purpose. Dale contends that the Idaho district court was bound by the finding of the California court, leading to the inevitable conclusion that no dissolution of the partnership had occurred to trigger the statute of limitation asserted as the basis of the defendants' motion to dismiss.

### Res Judicata

 Under the principle of *res judicata* or claim preclusion, judgment on the merits in a prior proceeding generally bars relitigation between the same parties or their privies on the same cause of action. *Yoakum v. Hartford Fire Ins.,* 129 Idaho 171, 923 P.2d 416 (1996). The test of *res judicata* is the identity of the rights sued for, identity of the cause of action, and identity of the parties. *Branson v. Firemen's Retirement Fund of State of Idaho,* 79 Idaho 167, 312 P.2d 1037 (1957). Although the respective plaintiffs in the California case and in the Idaho action were both seeking accountings, the subject to be examined was not the same entity. The probate action arose out of Rosemary's petition for an order requiring an accounting of the Anne Rudzik Intervivos Trust of February 7, 1990, and a determination of the assets and liabilities of the trust. Dale brought suit in Idaho to obtain an accounting of the Expressions in Gold partnership as a result of an alleged unauthorized transfer to Michael Sheffer of Rosemary's two-thirds interest in the partnership. Clearly, the subject-matter of the suits is not the same, thus rendering inadequate as a matter of law the appellant's plea of *res judicata.*

### Collateral Estoppel

 Collateral estoppel applies to protect litigants from the burden of relitigating an identical issue with the same party or its privy. *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1987), *citing Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979). In order for collateral estoppel to bar the relitigation of an issue determined in a prior proceeding, five factors must be evident: 1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; 2) the issue decided in the prior litigation was identical to the issue presented in the present action; 3) the issue sought to be precluded was actually decided in the prior litigation; 4) there was a final judgment on the merits in the prior litigation; and 5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Western Industrial and Environmental Services, Inc. v. Kaldveer Associates, Inc.,* 126 Idaho 541, 544, 887 P.2d 1048, 1051 (1994); *Anderson v. City of Pocatello, supra.*

A copy of the transcript of proceedings in the California court held April 3, 1996, was attached to the second affidavit of Rosemary Sheffer in support of the motion to dismiss. The California court unequivocally stated for the record that it refused to take jurisdiction of the issue of the dissolution of the Expressions in Gold partnership and that, as to his claims against the partnership, Dale Rudzik would be left to his remedies in the civil courts. The California court made an oral finding that Anne Rudzik's partnership interest had been part of the intervivos trust and that "[t]he decedent settlor as an owner of that one-third interest gifted her interest in the partnership to her daughter prior to her death, and the Trust no longer owned an interest in the partnership nor did her estate own an interest in the partnership." The order of the California court, dated August 16, 1996, which was attached to Dale's counsel's affidavit in opposition to the motion to dismiss, concluded only that Rosemary owned a two-thirds partnership interest and Dale a one-third partnership interest. Appellant's contention that the dissolution of the partnership issue was conclusively settled by the decision of the California court, therefore, is not supported by the record. In the absence of a final judgment on the merits of the dissolution issue, estoppel cannot properly be invoked. Furthermore, because a final judgment is required before full faith and credit can be accorded that judgment by another court, the appellant's argument in this respect is also without merit.

*No Genuine Issue of Material Fact*

Dale contends that he established a genuine issue of material fact as to the adequacy of the notice of the partnership dissolution which precludes entry of a summary judgment and order of dismissal. He relies once again upon a finding by the California court in the probate proceeding that: "The partnership may have proceeded to dissolution by notice of the partner Rosemary Sheffer, but such notice would not have come by the check for $2,500 mailed to Dale Rudzik without notice in writing or otherwise giving notice of dissolution." Dale also submits that the testimony he provided in the California proceeding constitutes additional proof disputing the receipt of any notice of dissolution.[3]

Idaho Rule of Civil Procedure 56(c) places the burden upon the moving party to establish the absence of a genuine issue of material fact. The motion to dismiss and accompanying affidavit of Rosemary set forth the inception date of the Expressions in Gold partnership and the original division of the partnership interests among Dale, Rosemary and their mother, Anne Rudzik. In her affidavit, Rosemary alleged that a dissolution of the partnership was accomplished when she contacted Dale in 1990 and confirmed to him in a letter dated on or about July 25, 1991, that the partnership had been dissolved by the termination of his partnership interest as of December 31, 1990. Although Rosemary did attach to her affidavit copies of the final partnership income tax return (1990) and the 1991 income tax return of a new partnership made up of Rosemary Sheffer and Anne Rudzik, operating under the trade name Expressions in Gold, she did not attach a copy of the letter or the $2,500 check which she claimed to have sent to Dale notifying him of the dissolution. The affidavit also set forth facts regarding the March 1, 1993, transfer of Anne Rudzik's interest in the partnership to Rosemary by means of an amendment to the Anne Rudzik Intervivos Trust of February 7, 1990.

Rosemary's factual allegations provided evidence of a dissolution, described as a change in the relation of the partners caused by any partner ceasing to be associated in carrying on the partnership business (as distinguished from a winding up of the business). *See* I.C. § 53–329. In opposing the defendants' motion, therefore, it was incumbent upon Dale to submit evidence to contradict the assertions of the moving party. *See Ambrose v. Buhl Joint School Dist. No. 412,* 126 Idaho 581, 584, 887 P.2d 1088, 1091 (Ct. App.1994). Raising the slightest doubt as to

---

**3.** A copy of relevant portions of the testimony was attached to Dale's motion for reconsideration of the dismissal order. The Sheffers, however, contend that this evidence was not timely filed and thus should not be considered by the Court on appeal.

the facts is insufficient—a genuine issue of material fact must be presented. *LePelley v. Grefenson,* 101 Idaho 422, 428, 614 P.2d 962, 968 (1980). With these standards in mind, we examine the evidence submitted by Dale, the non-moving party.

■ The affidavit from Dale Rudzik's counsel asserted that, pursuant to the settlement agreement in the California probate action, Dale was recognized as a one-third owner of the Expressions in Gold partnership. The settlement agreement which was signed by Dale and Rosemary as well as the order of the California court, which both reflect that Dale has a one-third partnership interest, were attached to counsel's affidavit. In a separate affidavit, Dale asserted that he had only signed the settlement agreement in the California case based on what he believed to be a mutual understanding between himself and Rosemary that he held a current one-third partnership interest in the Expressions in Gold partnership. Notwithstanding these facts which the district court accepted as true, Dale's evidence fails to contradict in any way Rosemary's assertions that the partnership was dissolved either upon the termination of Dale's interest in the partnership as of December 30, 1990, as a result of written notice of the dissolution by Rosemary or by the transfer of Anne Rudzik's interest to Rosemary on March 1, 1993. Accordingly, the district court did not err in finding that the plaintiff's evidence failed to create a genuine issue of material fact to preclude summary judgment.[4]

■ Preliminary to reaching its conclusion that Dale's complaint was filed beyond the statute of limitation, the district court was required to determine the date of dissolution of the Expressions in Gold partnership. The district court found that the partnership was dissolved on December 31, 1990, pursuant to written notice from Rosemary confirming Dale's termination as a partner. The district court also found that if the partnership was

not already dissolved, it was dissolved on March 1, 1993. We uphold the latter finding fixing March 1, 1993, as the date of dissolution of the partnership. Under I.C. § 53–331(1)(b), a dissolution is caused "by the express will of any partner when no definite term or particular undertaking is specified." There is no requirement of notice in the statute. Thus, we conclude that the transfer of Anne Rudzik's interest to Rosemary Sheffer, indicating Anne Rudzik's desire to no longer be associated as a partner, effectuated a dissolution of the partnership as of March 1, 1993. *See, e.g., Elliot v. Elliot,* 88 Idaho 81, 396 P.2d 719 (1964) (withdrawal by one partner from partnership effected a dissolution of the partnership under I.C. § 53–331); *Kelly v. Silverwood Estates,* 127 Idaho 624, 903 P.2d 1321 (1995) (same).

As a matter of law, the right to an account of a partner's interest as against the winding up partners, or the surviving partners, or the person or partnership continuing the business accrues at the date of dissolution. I.C. § 53–343. The time within which to bring an action for a partnership accounting is four years under either I.C. § 5–217, for actions on an oral contract, or I.C. § 5–224, for actions for relief not otherwise provided for by statute. *Ramseyer v. Ramseyer,* 98 Idaho 47, 558 P.2d 76 (1976). Here, the dissolution occurred, and Dale's right to an accounting accrued, on March 1, 1993. The complaint for an accounting was filed on April 14, 1997. Because the dissolution of the partnership in this case occurred more than four years prior to the filing of the complaint, the district court correctly held that the statute of limitation barred Dale Rudzik's cause of action for an accounting of his partnership interest.

*Attorney Fees*

The district court awarded attorney fees to the Sheffers for defending the action. Dale challenges the attorney fee award, arguing that the court cannot unilaterally award at-

---

4. Dale raises two additional challenges to the summary judgment, claiming first that Rosemary's affidavits contained only her opinion and speculation, not facts; and second, that summary judgment was improper because the defendants had not yet answered the interrogatories propounded by the plaintiff. Neither of these issues were raised to the lower court, and therefore cannot be considered by this Court on appeal. *Schiewe v. Farwell,* 125 Idaho 46, 867 P.2d 920 (1993).

torney fees in the absence of a motion for fees by the prevailing party.

The record shows that a memorandum of costs pursuant to I.R.C.P. 54(d)(5) was duly filed by the Sheffers following the award of summary judgment in their favor. At the hearing on Dale's objection to the memorandum, the Sheffers' counsel for the first time articulated the statutes and rules authorizing an award of fees in this case, namely I.C. § 12–120(1), (3), I.R.C.P. 54(e)(1), and *Magic Lantern Productions, Inc. v. Dolsot,* 126 Idaho 805, 892 P.2d 480 (1995). The district court awarded costs, including attorney fees, to the Sheffers as the prevailing party in the action. As a basis for its award, the district court held that attorney fees were allowed and appropriate under any of three theories, including I.C. § 12–120(1), I.C. § 12–120(3), and the plaintiff's request for attorney fees and costs in the prayer of the complaint.

■■■ When reviewing a discretionary determination by the trial court regarding the award of attorney fees, the appellate court conducts a multi-tiered inquiry, concerning (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The burden is on the party disputing the award of costs to show an abuse of the court's discretion, and absent an abuse of discretion, the district court's award will be upheld. *Durrant v. Christensen,* 117 Idaho 70, 785 P.2d 634 (1990).

■■■ I.C. § 12–120(1) provides that in any action where the amount pleaded is twenty-five thousand dollars or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees. As argued by Dale, it is obvious that no amount was pleaded in the complaint which sought only an accounting in order that Dale might determine what amounts he as a partner was entitled to from the partnership. In *Kelly v. Silverwood Estates,* 127 Idaho 624, 903 P.2d 1321 (1995), this Court held that a suit for an accounting brought pursuant to the Uniform Partnership Laws was not based on a "commercial transaction," as required for prevailing parties to be entitled to an award of fees under I.C. § 12–120(3). Accordingly, we conclude that the district court in this case erred in awarding fees under I.C. § 12–120(1) and (3) where the action was one to obtain an accounting of the partnership.

■■■ The sole remaining basis for the district court's award of attorney fees in favor of the defendants is that "the Plaintiff requested attorney's fees and costs in the prayer of their [sic] complaint." The complaint, however, does not recite any authority, either statute or rule, which would entitle the plaintiff to an award of fees. Assuming arguendo that I.C. § 12–121 is the statute upon which the plaintiff was relying, that statute does not carry with it a reciprocal right to an award of attorney fees to a defendant who prevails in the suit. Therefore, because the required predicate for an award of attorney fees is not present, we vacate the district court's order granting attorney fees to the defendants as the prevailing party.

The Sheffers request attorney fees on appeal under I.C. § 12–120(1), (3) and I.C. § 12–121. For the reasons stated above, we decline to award fees pursuant to I.C. § 12–120(1) or (3). We also deny the Sheffers' request for attorney fees on appeal pursuant to I.C. § 12–121 in that, under the circumstances, this Court is not left with abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

## CONCLUSION

The district court's order dismissing the plaintiff's complaint is hereby affirmed. The decision of the district court awarding attorney fees to the defendants is vacated.

No attorney fees on appeal. Costs to respondents.

Justices SCHROEDER and KIDWELL and Justices Pro Tem WILPER, and STICKLEN, concur.