29 P.3d 401

**Juan RODRIGUEZ, Plaintiff–Appellant,**

v.

**DEPARTMENT OF CORRECTION, Defendant–Respondent.**

No. 26505.

Supreme Court of Idaho.

July 11, 2001.

Troupis & Summer, Meridian, for appellant. Christ T. Troupis argued.

Hon. Alan G. Lance, Attorney General; Ronald D. Christian, Deputy Attorney General, Boise, for respondent. Ronald D. Christian argued.

WALTERS, Justice.

This is an appeal from a decision of the district court dismissing Juan Manual Rodriguez's personal injury claim on the grounds that Rodriguez's suit was barred by the doctrine of collateral estoppel. We agree with the district court and affirm the order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 1998, Juan Manual Rodriguez was injured while attempting to change a tire at the Idaho State Correctional Facility. While the tire was being filled with air, it exploded in Rodriguez's face. A portion of the tire's rim tore off the side of Rodriguez's skull, taking with it bone and brain matter. He suffered severe brain injuries and the loss of vision in his left eye.

Rodriguez filed a notice of tort claim with the Secretary of State's Office requesting compensation for his injuries. The notice was dated October 9, 1998, and was received by the Secretary of State's Office on October 13, 1998, approximately 227 days after the alleged accident and 47 days after the 180-day filing deadline contained in Idaho Code section 6–905 (Idaho Tort Claims Act.) [1]

On June 1, 1999, Rodriguez filed a complaint to recover damages for personal injuries suffered in the alleged accident. The State filed a motion to dismiss Rodriguez's complaint, alleging that Rodriguez failed to comply with the notice requirement of I.C. § 6–905. A hearing on the State's motion was set for August 30, 1999, but Rodriguez's counsel did not respond to the motion or

1. I.C. § 6–905 provides that "[a]ll claims against the State arising under the provisions of this act ... shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later."

appear at the August 30 hearing.[2] On September 13, 1999, District Court Judge Ronald Wilper entered an order dismissing the case without prejudice.

In the meantime, on August 30, 1999, Rodriguez's attorney had filed a document entitled "Motion to Reconsider Defendant's Motion for Summary Judgment." Judge Wilper held a hearing on this motion on September 20, 1999. At the hearing, Rodriguez's attorney argued that Rodriguez was under a legal disability due to the severity of his injuries, thus resulting in the tolling of the 180–day filing deadline, but offered no facts or evidence establishing that tolling should apply in Rodriguez's case. Judge Wilper declined to rule at that point and asked the parties to brief the issue of whether the notice requirement of I.C. § 6–905 should be tolled as a result of Rodriguez's injury.

Another hearing subsequently took place on October 25, 1999. At the hearing, Rodriguez's attorney again offered no facts or information relevant to the tolling issue. Judge Wilper, noting that he was not persuaded that the 180–day filing deadline was tolled, denied Rodriguez's motion to reconsider. Specifically, Judge Wilper held that the district court could not entertain the case because Rodriguez's notice of claim was not filed within 180 days of the alleged accident. Rodriguez did not appeal Judge Wilper's decision.

On October 29, 1999, Rodriguez filed the complaint in the present case. The complaint is nearly identical to the complaint dismissed by Judge Wilper, the only difference being the addition of a paragraph alleging that Rodriguez was, due to his injuries, incapacitated from the date of his injury, March 1, 1998, through the time he filed the notice of tort claim with the Secretary of State's Office. Rodriguez further asserted that his incapacity tolled the 180–day filing deadline of I.C. § 6–905. District Court Judge Deborah Bail granted the State's motion to dismiss, holding that Rodriguez's second suit was barred by collateral estoppel as

a result of the dismissal of the first action by Judge Wilper.

## ISSUES

Rodriguez challenges Judge Bail's ruling that his second suit is barred by the doctrine of collateral estoppel. The State, on the other hand, contends that Judge Bail's decision was correct and requests an award of attorney fees for responding to the appeal.

## DISCUSSION

### A. Standard of Review

■ We first note our standard of review on the collateral estoppel issue determined by the district court on summary judgment. Whether collateral estoppel bars the relitigation of issues adjudicated in prior litigation between the same parties is a question of law upon which we exercise free review. *See Richardson v. Four Thousand Five Hundred Forty–Three Dollars, United States Currency,* 120 Idaho 220, 814 P.2d 952 (Ct. App.1991); *Gilbert v. State,* 119 Idaho 684, 809 P.2d 1163 (Ct.App.1991).

### B. Collateral Estoppel

■ Before considering the application of collateral estoppel to this case, it is helpful to discuss the term as it relates to the doctrine of res judicata and identify the values it serves. Although the literal definition of the term "res judicata" is expansive enough to cover both preclusion of relitigation of the same cause of action and relitigation of the same issue, the modern tendency is to refer to the aspect of the doctrine that precludes relitigation of the same issue in a separate cause of action as "collateral estoppel," and to refer to that aspect preventing relitigation of the same cause of action as "res judicata." *See* 46 Am.Jur.2d *Judgments* § 516 (1994). Collateral estoppel thus applies to protect litigants from the burden of litigating an identical issue with the same party or its privy. *See D.A.R., Inc. v. Sheffer,* 134 Idaho 141, 144, 997 P.2d 602, 605 (2000). With this

---

**2.** According to Rodriguez's attorney, the reason for missing the hearing was "due to vacationing out of state when the notice of hearing was delivered ... and preparing for and appearing in a personal action filed by the Attorney General's Office against counsel the prior week, and several hearings in Oregon Federal Court and State Court."

background in mind, we turn to the question of whether collateral estoppel should have been applied in this case.

■ This Court has determined that five factors must be evident in order for collateral estoppel to bar the relitigation of an issue determined in a prior proceeding: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *See Sheffer,* 134 Idaho at 144, 997 P.2d at 605; *see also Western Indus. & Envtl. Serv., Inc. v. Kaldveer Assoc., Inc.,* 126 Idaho 541, 544, 887 P.2d 1048, 1051 (1994); *Anderson v. City of Pocatello,* 112 Idaho 176, 184, 731 P.2d 171, 179 (1987).

There is no question but that Rodriguez is the same party in both lawsuits, nor is there any real dispute that Judge Wilper's decision in the first suit addressed the same inquiry presented to Judge Bail in the present case, namely whether Rodriguez's alleged incapacitation served to toll the 180-day filing deadline of I.C. § 6–905. Thus, the issues remaining in this case concern whether Rodriguez was given a full and fair opportunity to litigate the same tolling issue sought to be precluded in the present case and whether there was a final adjudication on the merits of Rodriguez's case.

## 1. Full and Fair Opportunity to Litigate

■ The record in this case clearly demonstrates that Rodriguez was given a full and fair opportunity to litigate the tolling issue in the first suit. Rodriguez's first opportunity came at the August 30, 1999, hearing on the State's motion to dismiss. As noted above, however, Rodriguez's attorney failed to attend the hearing and Judge Wilper granted the State's motion to dismiss.

Rodriguez was given another opportunity to present facts and evidence relating to the tolling issue at the September 20, 1999, hearing on his motion to reconsider the dismissal order. Instead, Rodriguez's attorney, arguing that he did not have sufficient medical information to determine whether I.C. § 6–905 could be tolled in this case, requested that Judge Wilper reschedule the motion to dismiss. Judge Wilper obliged this request and allowed the parties to brief the tolling issue. In order to better ascertain whether I.C. § 6–905 was tolled, Judge Wilper also asked Rodriguez's attorney to provide information as to when Rodriguez or his family first sought legal counsel. Specifically, Judge Wilper stated:

One of the questions that Mr. Christian raised, I think, is going to be important for you, Mr. Summer, for you to address. As you can see, I am inclined to give an opportunity to, at least, argue that the statute was tolled for some period of time.

I think that it's going to be important if you can make any representation on behalf of Mr. Rodriguez, that with respect of when he first sought legal counsel, if that is known.

And I don't know if that is something that you are prepared to answer right now. Whether or not he went to your office first or somebody went to your office first on behalf of him. You know whether your office filed the tort claim the day that it was presented to you, or just exactly what the situation is.

I think that would be relevant to the court making a decision with respect to whether or not that statute was tolled ....

Rodriguez, however, despite Judge Wilper's suggestion, did not present any facts or evidence relating to tolling at the October 25, 1999, hearing. Thus, Judge Wilper correctly held that absent any facts to establish tolling, Rodriguez's suit had to be dismissed because of the lack of timely filing of the notice of tort claim with the Secretary of State's Office. We further note that counsel for Rodriguez conceded at oral argument on the appeal before this Court that there was indeed a full and fair opportunity to address the question of tolling at both the September 20

and October 25 proceedings before Judge Wilper, but that it was not done. When asked why he did not present facts or evidence that could potentially provide a basis for not dismissing the action, counsel for Rodriguez responded "I do not make excuses for the inadequacies of our representation at that point. If we had [properly] presented affidavits in response to the initial motion to dismiss or had asked the court to allow us to amend the initial pleading, we might not be here." Accordingly, we conclude that Rodriguez was given ample opportunity to address the tolling issue.

### 2. Final Adjudication on the Merits

■ Rodriguez argues that because Judge Wilper's original order dismissing his claims was entered "without prejudice," there was not a final adjudication on the merits of the case. We disagree. A dismissal without prejudice usually does not result in issue preclusion. *See Easter Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 408, 987 P.2d 314, 320 (1999). But in addressing the issue of finality of judgments, the Court in *Neibaur* noted that for purposes of issue preclusion, a final judgment " 'includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.' " *Id.* (quoting Restatement (Second) of Judgments § 13 (1982)). The Court further stated that while preclusion should be refused if the previous decision was "avowedly tentative," other factors supporting the conclusion that the decision was final for purposes of issue preclusion included whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal. *See id.* (citing Restatement (Second) of Judgments § 13 cmt. g).

Here, Rodriguez was certainly given full opportunity to argue the merits of the tolling issue at the October 25 hearing. In addition, although Judge Wilper did not enter an opinion containing factual findings or conclusions of law, he specifically noted at the close of the October 25 hearing that under the facts presented, he was not persuaded that the time period to file the notice of tort claim

was tolled. Judge Wilper's order denying Rodriguez's motion to reconsider also states that based upon the pleadings and arguments made by the parties in their briefs and at oral argument, Rodriguez's motion for reconsideration was denied because his notice of tort claim was filed more than 180 days from the date of the accident. Although Judge Wilper's decision was subject to appeal, Rodriguez did not appeal that decision but opted instead to file a second, nearly identical claim. It is clear that Judge Wilper's ruling became final when it was not appealed. Because there has been a final judgment on the merits determining the lack of a tolling of I.C. § 6–905 with respect to Rodriguez's situation, Rodriguez is estopped from raising this issue again.

### C. Attorney Fees

■ The State has requested an award of attorney fees for responding to this appeal. After considering the briefs and arguments of counsel, the Court is persuaded that in this case an award of fees would be appropriate under Idaho Appellate Rule 11.1. This rule provides that an attorney who files a notice of appeal certifies, by virtue of his signature, that "to the best of the signer's knowledge, information, and belief after reasonable inquiry" the appeal is "well grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.A.R. 11.1. *See also Talbot v. Ames Const. .*, 127 Idaho 648, 653, 904 P.2d 560, 565 (1995); *Ross v. Tupperware Mfg. Co./Premark,* 122 Idaho 641, 643, 837 P.2d 316, 318 (1992); *Stevens v. Fleming,* 116 Idaho 523, 532, 777 P.2d 1196, 1205 (1989).

The Court concludes that Rodriguez's appeal is not well grounded in fact or warranted by existing law and constitutes a needless increase in the cost of litigation. Accordingly, we award attorney fees in favor of the State. Pursuant to I.A.R. 11.1, we impose this sanction on Rodriguez's attorney, Christ T. Troupis, personally and individually, in a sum equal to reasonable attorney fees incurred by the State on appeal.

The attorney for Rodriguez, Mr. Christ T. Troupis, admitted during oral argument that

although Rodriguez was in a coma following the accident, counsel for the appellant was contacted about representing Rodriguez before the time for filing the notice of tort claim with the Secretary of State had expired.[3] Counsel for appellant offered no explanation as to why his firm did not file the notice with the Secretary of State's Office within the 180–day deadline of I.C. § 6–905 despite being contacted by Rodriguez within 180 days of Rodriguez's accident. Rather, Rodriguez's attorney, as noted above, filed the notice of claim 47 days after the running of I.C. § 6–905 and then proceeded to argue that it was tolled by virtue of Rodriguez's incapacity. Rodriguez's failure to meet the 180–day filing deadline cannot therefore be attributable to any action (or inaction) personally on his part. We fail to understand how counsel for appellant can in good faith argue for a tolling of I.C § 6–905 when counsel had the opportunity to timely file the notice of tort claim on Rodriguez's behalf before the filing deadline had expired. What is clear, however, is that based upon the record in this case, there is absolutely no factual basis for justifying this appeal. Counsel for appellant must certainly have been aware that had the notice of tort claim been filed on time, as was clearly possible in this case, there would have been no need to argue for a tolling of the statute. We therefore conclude that the imposition of personal sanctions against Christ T. Troupis is warranted pursuant to I.A.R. 11.1.

## CONCLUSION

The Court affirms the decision of the district court granting the State's motion to dismiss. The Court, pursuant to I.A.R. 11.1, imposes sanctions on the attorney for Rodriguez, Christ T. Troupis, personally and individually, in a sum equal to the State's reasonable attorney fees incurred on appeal to be determined under I.A.R. 41, and to be paid to the State of Idaho. Costs are also awarded to the State under I.A.R. 40.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, CONCUR.

---

3. The following excerpt from oral argument reveals that counsel for appellant was approached by Rodriguez before the 180–day deadline of I.C. § 6–905 had expired:

The Court: How long was he, how long was he in a coma?
Mr. Troupis: He was in a coma for well over a month.
The Court: But not for 180 days?
Mr. Troupis: No, not for 180 days. Absolutely not for 180 days.
The Court: So when he came out of the coma, he was awake and aware and was no longer incapacitated by virtue of a coma. He could have filed his notice with the Secretary of State's Office?

Mr. Troupis: He was aware that something had happened. I don't believe that he was aware that he had a claim against anyone at that point in time. When we spoke to, initially spoke to Mr. Rodriguez, it was interesting. He spoke only Spanish and a little bit of English before this accident. After the accident he could speak no Spanish.
The Court: But you did speak to him. When did you speak to him?
Mr. Troupis: I don't recall precisely. But it was certainly before the running of the 180 days. It was before that.