**Allan ELIAS, Appellant,**

v.

**Scott K DOMINGUEZ, through Jackie Hamp, his guardian and conservator; Jackie Hamp, Appellees.**

No. 04–35538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2006.

Decided July 25, 2006.

Craig R. Jorgensen, Esq., Pocatello, ID, for Appellant.

Brent O. Roche, Esq., Racine Olson Nye Cooper & Budge, Pocatello, ID, for Appellees.

Before: BRUNETTI, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Allan Elias ("Elias") appeals from a district court order upholding a bankruptcy court finding that a state court judgment owed to Scott Dominguez ("Dominguez") was non-dischargeable in Chapter 7 bankruptcy. Since the facts of the case are well known to the parties, we will not recite them here. We affirm.

The bankruptcy court, and this Court, must give an Idaho court judgment the same preclusive effect that Idaho courts would give to the judgment. See 28 U.S.C. § 1738. Under Idaho law, five factors must be shown for issue preclusion to apply: (1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation *Rodriguez v. Dep't of Correction,* 136 Idaho 90, 29 P.3d 401, 404 (2001). Elias argues that issue preclusion does not apply because the state court lacked subject matter jurisdiction, and therefore its judgment was not final. However, the Idaho Supreme Court upheld the jurisdiction of the state trial court in *Dominguez v. Evergreen Resources, Inc.,* 142 Idaho 7, 121 P.3d 938, 944 (2005), and therefore the state court judgment is final. *See E. Idaho Agric. Credit Ass'n v. Neibaur,* 133 Idaho 402, 987 P.2d 314, 320 (1999). We affirm the district court order upholding the bankruptcy court finding that the state court judgment owed to Dominguez was non-dischargeable.

Dominguez's motion to dismiss this appeal for lack of jurisdiction is denied because bankruptcy dischargeability proceedings are not subject to the *Rooker–Feldman* doctrine. *Sasson v. Sokoloff (In re Sasson),* 424 F.3d 864, 871 (9th Cir. 2005).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We AFFIRM the district court order upholding the bankruptcy court decision and DENY Dominguez's motion to dismiss the appeal for lack of jurisdiction.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.