**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY C. MOORE, | No. 18-35377 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00346-BLW |
| v. | |
| CITY OF BOISE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted November 18, 2020**

Before: GOODWIN, CANBY, and LEAVY, Circuit Judges.

Jimmy C. Moore, a prisoner in the custody of the Idaho Department of

Correction, filed this 42 U.S.C. § 1983 action alleging that Boise City Police

Officers Dan Muguira and Tad Miller and Community Services Officer Jessica

Bovard used excessive force against him during his arrest for domestic violence.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1148 (9th Cir. 2011) (summary judgment), *Far Out Prod., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001) (rulings regarding the preclusive effect of a prior judgment). We affirm.

The district court properly granted summary judgment on Moore's claims against Officers Muguira and Miller because Moore failed to raise a triable dispute as to whether their use of force was unconstitutionally excessive. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (Fourth Amendment claim for excessive force "requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake to determine whether the force used was objectively reasonably under the circumstances" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Moore's claim against Community Services Officer Bovard because Moore failed to raise a triable dispute as to whether Bovard committed any constitutional violation. *See Chudacoff*, 649 F.3d at 1149 (explaining requirements for liability under § 1983).

The district court properly ruled that Moore was collaterally estopped by his state-court convictions from arguing that he did not commit domestic battery or resisting arrest. *See Rodriguez v. Dep't of Corr.*, 29 P.3d 401, 404 (Idaho 2001) (requirements of collateral estoppel under Idaho law); *see also Ayers v. City of*

2

*Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) ("State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action.").

The district court did not abuse its discretion by denying Moore's requests for appointment of counsel because Moore failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."; in evaluating whether "exceptional circumstances" exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved'"; standard of review (citations omitted)).

The district court did not abuse its discretion by denying Moore's motion to extend the deadline for conducting discovery, filed after entry of the pretrial scheduling order, because Moore failed to show good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (once the district court has entered a pretrial scheduling order, the timetable to complete discovery or file motions may be altered only "upon a showing of 'good cause,'" a standard that "primarily considers the diligence of the party seeking" the extension; "If [the moving] party was not diligent, the inquiry should end."; standard of

3

review (citing Fed. R. Civ. P. 16(b)).

The district court did not abuse its discretion by denying as untimely Moore's cross-motion for summary judgment because Moore failed to show good cause for the late filing. *See id.*

The district court did not abuse its discretion by ruling inadmissible portions of Ryan M. Tone's affidavit. *See* Fed. R. Evid. 401, 801(c)(2); *Spence v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017) (standard of review).

Appellees' request to strike the Appendix to Moore's Reply Brief, Dkt. No. 32, is GRANTED.

**AFFIRMED.**