36 P.3d 218

GREAT PLAINS EQUIPMENT, INC., a foreign corporation; Michetti Pipe Stringing; Beard Oil Petroleum, Inc., a foreign corporation; Atlas Copco Rental, Inc., a foreign corporation; CRC–Evans Pipeline International, Inc., a foreign corporation; Courtesy Ford Lincoln Mercury, Inc., an Idaho corporation; Cowboy Oil Co., an Idaho corporation; Darby Enterprises, Inc., a foreign corporation; Hartford Insurance Company/Pickard, Tate & Allen, a Connecticut company; Rasmussen Equipment Company, a Utah corporation; Rocky Mountain Machinery Company, a foreign corporation; V–1 Oil Company, an Idaho corporation; Valley Office Systems, Inc., an Idaho corporation; B.D. Holt & Company, Inc., d/b/a Holt Company of Texas, a foreign corporation, Plaintiffs,

and

Cate–Idaho Equipment Co., Inc., an Idaho corporation, Plaintiff–Appellant,

v.

NORTHWEST PIPELINE CORPORATION, a foreign corporation, Defendant–Respondent.

Great Plains Equipment, Inc., a foreign corporation; Michetti Pipe Stringing; Beard Oil Petroleum, Inc., a foreign corporation; Atlas Copco Rental, Inc., a foreign corporation; CRC–Evans Pipeline International, Inc., a foreign corporation; Courtesy Ford Lincoln Mercury, Inc., an Idaho corporation; Cowboy Oil Co., an Idaho corporation; Darby Enterprises, Inc., a foreign corporation; Hartford Insurance Company/Pickard Tate & Allen, a Connecticut company; Rasmussen Equipment Company, a Utah corporation; Rocky Mountain Machinery Company, a foreign corporation; V–1 Oil Company, an Idaho corporation; Valley Office Systems, Inc., an Idaho corporation; Cate–Idaho Equipment Co., Inc., an Idaho corporation, Plaintiffs,

and

B.D. Holt & Company, Inc., d/b/a Holt Company of Texas, a foreign corporation, Plaintiff–Appellant,

v.

Northwest Pipeline Corporation, a foreign corporation, Defendant–Respondent.

Beard Oil Petroleum, Inc., a foreign corporation; Atlas Copco Rental, Inc., a foreign corporation; CRC–Evans Pipeline International, Inc., a foreign corporation; Courtesy Ford Lincoln Mercury, Inc., an Idaho corporation; Darby Enterprises, Inc., a foreign corporation; Hartford Insurance Company/Pickard, Tate & Allen, a Connecticut company; Rasmussen Equipment Company, a Utah corporation, Rocky Mountain Machinery Company, a foreign corporation; V–1 Oil Company, an Idaho corporation, Plaintiffs–Appellants,

and

Great Plains Equipment, Inc., a foreign corporation, B.D. Holt & Company, Inc., d/b/a Holt Company of Texas, a foreign corporation; Cate–Idaho Equipment Co., Inc., an Idaho corporation, Cowboy Oil Co., an Idaho corporation; V–1 Oil Company, an Idaho corporation, Plaintiffs,

v.

Northwest Pipeline Corporation, a foreign corporation, Defendant–Respondent.

Nos. 26208, 26273, 26303.

Supreme Court of Idaho.
Pocatello, May 2001 Term.

Oct. 31, 2001.

Lowell N. Hawkes, Chtd., Pocatello, for appellant Cate–Idaho Equipment Co., Inc. Lowell N. Hawkes argued.

Craig W. Christensen, Chtd., Pocatello, for appellant B.D. Holt & Company, Inc. Craig W. Christensen argued.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellants Beard Oil Petroleum, Inc., Atlas Copco Rental, Inc., CRC Evans Pipeline International, Inc., Courtesy Ford Lincoln Mercury, Inc., Darby Enterprises, Inc., Hartford Insurance Company/Pickard, Tate & Allen, Rasmussen Equipment Company and Rocky Mountain Machinery Company. John R. Goodell argued.

Hawley, Troxell, Ennis & Hawley, Pocatello, for respondent. Ronald E. Bush argued.

SCHROEDER, J.

This is an appeal from an award of costs and attorney fees. In prior proceedings Great Plains Equipment, et al., Cate–Idaho Co., Inc., and B.D. Holt & Co., Inc., prevailed against Northwest Pipeline Corporation (NWP) in district court. NWP appealed the district court's judgment and prevailed in this Court. *See Great Plains Equipment, Inc. v. Northwest Pipeline Corp.*, 132 Idaho 754, 979 P.2d 627 (1999) (*Great Plains I* ). Upon remand, the district court awarded costs and attorney fees to NWP. Cate–Idaho

Co. Inc., et al. (hereinafter collectively referred to as Cate), now appeal that award.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The factual background of the underlying case can be found in *Great Plains I*. In sum, NWP and Great Plains Pipeline Construction, Inc. (GPPC), entered into a contract which provided that GPPC was to build a natural gas transmission pipeline, compressor pumping stations and related facilities between Pocatello and Burley, Idaho. Delays in completion of the contract forced GPPC to quit the job, leaving numerous subcontractors and others who had contracted with GPPC unpaid. GPPC eventually filed for bankruptcy. GPPC filed a claim of lien against NWP. Approximately fifty subcontractors, equipment lessors, insurance providers and other unpaid vendors filed claims of lien against NWP. The plaintiffs' claims were premised on three alternative theories: mechanic lien claims, unjust enrichment claims and claims under a Utah bond statute, on the basis that the contract between NWP and GPPC was executed in Utah and provided that Utah law would apply. The district court found in favor of the plaintiffs involved in this appeal on the above claims. The collective amount of the judgment against NWP exceeded $3 million. The district court also awarded fees and costs to the plaintiffs totaling more than $800,000.

NWP appealed the district court's decision. This Court vacated the majority of the district court rulings, holding that the three legal theories relied on by plaintiffs were unavailable as a matter of law. The Court also vacated all awards of attorney fees, costs and prejudgment interest to the plaintiffs because they were no longer deemed the prevailing parties.[1]

On May 20, 1999, following the release of the opinion in *Great Plains I*, the Court issued a remittitur. In June of 1999, NWP filed a petition for costs and attorney fees with the district court. Several plaintiffs filed an immediate objection to the motion. On

---

**1.** With the exception of plaintiff Michetti, whose judgment was affirmed on other grounds.

September 7, 1999, a hearing was held on the motion. Other plaintiffs filed objections to the motion on that date, and subsequently filed briefs and supplemental authorities supporting their objections. NWP filed a motion to strike all post-hearing briefs. On November 5, 1999, the district court granted NWP's motion and ordered stricken all post-hearing briefs. In its order filed December 21, 1999, the district court awarded NWP $57,705.81, as costs as a matter of right pursuant to I.R.C.P. 54(d)(1)(C); $124,700.55, as discretionary costs pursuant to I.R.C.P. 54(d)(1)(D); and $477,320.21, as attorney fees pursuant to I.C. § 12–120(3) and I.R.C.P. 54(e), for a total of $659,726.57. The majority of the plaintiffs appealed.

## II.

### THE DISTRICT COURT WAS CORRECT IN DENYING FEES TO NWP PURSUANT TO UTAH CODE § 14–2–2(3), BUT ERRED IN AWARDING ATTORNEY FEES TO NWP PURSUANT TO I.C. § 12–120(3).

#### A. Standard of Review

■ The issues of whether Utah Code § 14–2–2(3) provides a basis for costs and attorney fees and whether the district court correctly determined that this case is based on a "commercial transaction" for the purpose of I.C. § 12–120(3), are questions of law. This Court exercises free review over questions of law. *Carney v. Heinson*, 133 Idaho 275, 281, 985 P.2d 1137, 1143 (1999), *citing Marshall v. Blair*, 130 Idaho 675, 679, 946 P.2d 975, 979 (1997).

#### B. Utah Code 14–2–2(3)

■ NWP argues that when a party pleads under the statute either party can be awarded fees under the statute as the pre-

vailing party.[2] Utah Code § 14–2–2(3) states "in an action for failure to obtain a bond, the court may award reasonable attorneys' fees to the prevailing party;" however, the Court's holding in *Great Plains I* negated that proposition when it stated "[f]urthermore, we have held that neither the Utah bond statute nor the theory of unjust enrichment provide relief to *any* of the plaintiffs. Thus *there can be no award under Utah Code § 14–2–2(3)*, and, under I.C. § 12–120(3), one must be a prevailing party in order to receive an award of fees." *Great Plains*, 132 Idaho at 771, 979 P.2d at 644. (Emphasis added). The Court acknowledged the "prevailing party" language in I.C. § 12–120(3), and although the Court was aware that an award of attorney fees to the prevailing party was discretionary under the Utah statute, it held that no award could be made. *Id.*

The district court properly interpreted the Court's holding in *Great Plains I* that no fees could be awarded under the Utah statute, even if a party prevailed. Therefore, NWP cannot rely on Utah Code § 14–2–2(3) as a basis for an attorney fee award.

#### C. Idaho Code 12–120(3)

■ Idaho Code § 12–120(3) states:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

2. UTAH CODE, 1953, TITLE 14, CONTRACTORS' BONDS, CHAPTER 2 PRIVATE CONTRACTS.
14–2–2 Failure of owner to obtain payment bond—Liability.
(1) Unless exempted under Section 14–2–1, an owner who fails to obtain a payment bond is liable to each person who performed labor or service or supplied equipment or materials under the contract for reasonable value of the labor or service performed or the equipment or

materials furnished up to but no exceeding the contract price.
(2) No Action to recover on this liability may be commenced after the expiration of one year after the day on which the last of the labor or service was performed or the equipment or material was supplied by the person.
(3) In an action for failure to obtain a bond, the court may award reasonable attorneys' fees to the prevailing party. These fees shall be taxed as cost in the action.

The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

 There must be a commercial transaction between the parties for attorney fees to be awarded. To the extent that *Magic Lantern Productions, Inc. v. Dolsot*, 126 Idaho 805, 808, 892 P.2d 480, 483 (1995) may be read to mandate an award of attorney fees to the prevailing party when the other party has claimed fees pursuant to I.C. § 12–120(3), that interpretation is disavowed. A prevailing party may rely on I.C. § 12–120(3) if pled by another party for recovery of attorney fees if it is warranted under the statute. "[A] court is not required to award reasonable attorney fees every time a commercial transaction is connected with a case." *Bingham v. Montane Resource Associates*, 133 Idaho 420, 426, 987 P.2d 1035, 1041 (1999)(citing *Ervin Construction Co. v. Van Orden*, 125 Idaho 695, 704, 874 P.2d 506, 515 (1993)).

In *Brooks v. Gigray Ranches*, 128 Idaho 72, 910 P.2d 744 (1996), the Court outlined the two stages of analysis to determine whether a prevailing party could avail itself of I.C. § 12–120(3):(1) "there must be a commercial transaction that is integral to the claim"; and (2) "the commercial transaction must be the basis upon which recovery is sought." *Brooks*, 128 Idaho at 78, 910 P.2d at 750. It has long been held that "[t]he critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." *Bingham*, 133 Idaho at 426, 987 P.2d at 1041 (citing *Ervin*, 125 Idaho at 704, 874 P.2d at 515); *see also Sowards v. Rathbun*, 134 Idaho 702, 708, 8 P.3d 1245,1251 (2000). The commercial transaction must be an actual basis of the complaint, that is, the lawsuit and the causes of action must be based on a commercial transaction, not simply a situation that can be characterized as a commercial transaction. *See Bingham*, 133 Idaho at 426, 987 P.2d at 1041; *Sowards*, 134 Idaho at 708, 8 P.3d at 1251. "To hold otherwise would be to convert the award of attorney's

fees from an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filled." *Brower v. E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

The district court based the attorney fee award to NWP on this Court's ruling in *Great Plains I* regarding Kirkpatrick and O'Donnell Construction Equipment, Inc. (K & O). In the initial action the district court granted summary judgment in favor of NWP against K & O based on its finding that Idaho's mechanic's lien statutes did not apply to suppliers of repair parts. The district court dismissed K & O's unjust enrichment and Utah bond statute claims and awarded attorney fees to NWP pursuant to I.C. § 12–120(3). K & O appealed the award of attorney fees and costs, presenting only procedural issues. In *Great Plains I* the Court affirmed the district court's award of attorney fees, finding that the procedural failures alleged by K & O had been satisfied by NWP. In considering NWP's claims for attorney fees following *Great Plains I* the district court determined that because this Court had held that fees could not be awarded under the mechanics lien statute, the unjust enrichment claim or the Utah bond statute Idaho Code § 12–120(3) was the only remaining theory discussed by this Court. Consequently, the district court concluded that I.C. § 12–120(3) must have been the basis of the award to NWP against K & O. However, this Court did not rule on the substantive issue of whether I.C. § 12–120(3) was applicable in *Great Plains I*. That issue was not before the Court. The only issue presented to the Court regarding attorney fees in K & O's case was whether NWP made a timely request for attorney fees, and the Court found that it had. There is no law of the case in this instance on the applicability of I.C. § 12–120(3), only a finding that a timely request for attorney fees was made by NWP in *Great Plains I. See Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (quoting *Suitts v. First Sec. Bank of Idaho*, 110 Idaho 15, 21, 713 P.2d 1374, 1380 (1985))(quoting *Fiscus v. Beartooth Elec. Coop., Inc.*, 180 Mont. 434, 591 P.2d 196, 197 (1979)).

■ Cate argues that because the Court held in *Great Plains I* that no contractual relationship existed between NWP and the subcontractors, there was no commercial transaction to implicate I.C. § 12–120(3). In *Great Plains I,* the Court found that the plaintiffs, generally, were not eligible to collect by way of mechanic liens, pursuant to the Utah bond statute or via unjust enrichment claims. The Court did not speak to the substantive issue of whether or not Cate had established a commercial transaction, because that issue was never placed squarely before the Court—the Court only stated "[n]either of these two theories allows recovery by a subcontractor who lacks a contractual relationship directly with a property owner." *Great Plains,* 132 Idaho at 767, 979 P.2d at 640. Idaho Code § 12–120(3) does not require that there be a contract between the parties before the statute is applied; the statute only requires that there be a commercial transaction. The Court has held that "[t]he critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." *Bingham,* 133 Idaho at 426, 987 P.2d at 1041.

■ Cate now claims that the gravamen of their case was the mechanic lien claims and that the claims made under the Utah bond statute and unjust enrichment were simply alternative theories of recovery, supposedly argued in the event the lien claims failed. Cate argues, therefore, that because the lien claims failed no fee can be allowed. *See Great Plains,* 132 Idaho at 771, 979 P.2d at 644. However, if more than one claim is pled, there can be more than one "gravamen," and attorney fees can still be awarded for a specific claim, if a claim is of the type covered by I.C. § 12–120(3) "even though a claim is covered by other theories that would not have triggered application of the statute." *Brooks,* 128 Idaho at 79, 910 P.2d at 751. In this case, attorney fees were requested for the separate claim of unjust enrichment pursuant to I.C. § 12–120(3), and the gravamen of that claim was a commercial transaction.

There is no dispute that the context of Cate's claims is commercial in nature. The issue is whether there was a transaction between Cate and NWP upon which I.C. § 12–120(3) would properly apply. The inquiry in this case is similar to that in *Hausam v. Schnabl,* 126 Idaho 569, 887 P.2d 1076 (Ct. App.1994), *pet. rev. denied* (1995), and *Brower v. E.I. DuPont De Nemours & Co.,* 117 Idaho 780, 792 P.2d 345 (1990). In *Hausam,* Wade Schnabl, son of John Schnabl, borrowed $20,000 from Hausam and signed a promissory note in both his and his father's name. Payments were not made on the note. Hausam brought suit against John Schnabl on the ground of unjust enrichment and prevailed. Hausam sought attorney fees on appeal pursuant to I.C. § 12–120(3), claiming that the loan that was the subject of the claim was a commercial transaction. The Court of Appeals held that the transaction was between Wade Schnabl and Hausam, and that John Schanbl was not directly a party. Cate argues that the *Hausam* case stands for the proposition that attorney fees cannot be awarded on an unjust enrichment claim. However, the holding in *Hausam* only stands for the proposition that I.C. § 12–120(3) cannot be invoked if the commercial transaction is between parties only indirectly related, i.e. there was no transaction *between* the parties (Hausam and John Schnabl). In *Brower,* Brower sued Dupont on the basis that Dupont's representations induced his reliance, causing him to purchase and apply the product "Glean" to his land, resulting in damages. The Court held in *Brower* that "[t]he only commercial transaction involved is the purchase by Brower of the DuPont chemicals from a local co-op." *Brower,* 117 Idaho at 784, 792 P.2d at 349. Since Brower did not purchase the "Glean" from DuPont, the Court concluded that, "[w]e cannot say that this case revolves around a commercial transaction sufficient to implicate the terms of I.C. § 12–120(3)." *Id.*

In this case, the subcontractors contracted with GPPC. The only commercial transaction took place between the respective subcontractor and GPPC, and GPPC and NWP. At no point were NWP and the subcontractors involved in a transaction. *See Bingham,* 133 Idaho at 426, 987 P.2d at 1041 (subsequent purchasers of a parcel of land had no "commercial transaction" with party who had

placed lien on the subject land prior to their purchase). Presumably had there been a commercial transaction between the subcontractors and NWP, the subcontractors would have recovered from NWP for the extensive work they performed and materials they provided that benefited NWP. There was no transaction between the subcontractors and NWP. Consequently, NWP as the prevailing party cannot rely on I.C. § 12–120(3) for an award of attorney fees.

## III.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY STRIKING PLAINTIFFS' POST–HEARING BRIEFS.

### A. Standard of Review

■ When reviewing a discretionary determination by the district court, such as whether to allow post-hearing briefing by the parties, this court conducts a "multi-tiered inquiry, concerning (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *D.A.R. v. Sheffer*, 134 Idaho 141, 147, 997 P.2d 602, 608 (2000)(citing *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

### B. The District Court Ruling

■ The district court heard oral arguments regarding NWP's petition for costs and fees on September 7, 1999. During that hearing, counsel for NWP argued that NWP was entitled to an award of attorney fees on independent equitable grounds. That specific issue had not been briefed by NWP, and the district court invited post-hearing briefing on the issue. Subsequently, counsel for NWP notified the district court that it would not be submitting a brief on the issue. Nevertheless, the plaintiffs submitted briefs opposing NWP's petition for costs and fees. NWP filed a motion to strike all post-hearing briefs. The district court granted NWP's

motion and ordered all post-hearing briefs stricken from the record.

There is no requirement that the district court accept or consider post-hearing briefing. The district court perceived the issue of whether to accept or strike the briefs as a decision within its discretion and detailed its efforts to proceed through the post-appeal litigation, stating that "[a]ll parties had ample opportunity to argue their respective positions by way of oral argument and pre-hearing briefing. The district court did not authorize post-hearing briefing by plaintiffs except by way of response to Northwest's brief on the equitable award of attorney fees. Plaintiffs' post-hearing briefs will, therefore, be stricken."

The district court acted within the boundaries of its discretion and reached its decision by an exercise of reason. *See Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## IV.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING NWP COSTS.

The abuse of discretion issues raised by Cate that are necessary for decision on appeal can be separated into four questions: (1) whether the district court had post-appeal jurisdiction to determine the prevailing party and award costs and attorney fees; (2) whether the language of the Court's remittitur in *Great Plains I* precluded any further award of costs; (3) whether the process used by the district court in reaching the total award of costs was adequate and whether those costs were justified; and (4) whether the award of costs was inequitable as to render the district court's holding an abuse of discretion.

### A. The District Court Had Post–Appeal Jurisdiction To Determine The Prevailing Party And Award Costs.

■ The district court held that due to this Court's reversal of the original district court ruling in *Great Plains I*, it had jurisdiction to make a determination of what party was the prevailing party and whether the

prevailing party was entitled to attorney fees. *See Hutchins v. State*, 100 Idaho 661, 603 P.2d 995 (1979) ("After a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court."); *see also J.R. Simplot Co. v. Chemetics Int'l*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997)(Where this Court did not pass on the question of whether a party was or was not entitled to attorney fees as the prevailing party, the district court had jurisdiction to determine the prevailing party and award attorney fees accordingly.); *see also Hummer v. Evans*, 132 Idaho 830, 833, 979 P.2d 1188, 1191 (1999)(Where the reversal of a verdict in an appeal changed the prevailing party, the district judge had jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal.). The decision in *Great Plains I* changed the prevailing party. Consequently, the district court had jurisdiction to make post-appeal determinations concerning costs which were otherwise unresolved. The district court correctly found that NWP was the prevailing party as to the plaintiff-appellants involved in this appeal.

## B. The Court's Remittitur In *Great Plains I* Did Not Preclude Any Further Award Of Attorney Fees.

█ In its remittitur, this court wrote "no costs or attorney fees allowed." This represented a determination that no attorney fees would be allowed on appeal. The remittitur must remain consistent with the opinion and cannot go beyond the scope of the opinion. The opinion of *Great Plains I* established that the awards of costs and fees to the certain plaintiffs were to be vacated and that no attorney fees or costs were to be awarded on appeal. The remittitur did not preclude the district court from making an award of costs and attorney fees.

## C. The Process Used By The District Court In Reaching The Total Award Of Costs And Attorney Fees Was Adequate.

█ "The award of costs as a matter of right and discretionary costs is subject to the trial court's discretion. I.R.C.P. 54(d)(1)(C, D); *Perkins v. U.S. Transformer West*, 132 Idaho 427, 431, 974 P.2d 73, 77 (1999). The party opposing the award bears the burden of demonstrating an abuse of the trial court's discretion. *Id.*" *Perry v. Magic Valley Regional Medical Center*, 134 Idaho 46, 59, 995 P.2d 816, 829 (2000).

The district court reviewed the extensive itemization of costs submitted by NWP, and found that each item claimed as costs as a matter of right "fit within one of the 54(d)(1)(C) categories." The district court explained that "[t]he costs as a matter or right allocated to each Plaintiff in the 'specific costs as a matter of right' category has been approved by the Court following a thorough review of exhibits R1 to R15. In allocating each Plaintiff's share of the common account costs as a matter of right, the Court made all efforts to apportion the amounts justly and in proportion to the recovery initially sought by each Plaintiff, the number of Plaintiffs party to this litigation at any given time, and the legal work necessitated by each Plaintiff's claim."

█ The district court will be deemed to be acting within the bounds of its discretion even though it may not evaluate the costs item by item, if the district court makes "express findings as required by I.R.C.P. 54(d)(1)(D) with regard to the general character of the requested costs." *Inama v. Brewer*, 132 Idaho 377, 384, 973 P.2d 148, 155 (1999)(citing *Fish v. Smith*, 131 Idaho 492, 494, 960 P.2d 175, 177 (1998)). The district court findings satisfy this requirement.

The district court found that the "discretionary costs requested by NWP were necessary and exceptional and reasonably incurred. The interests of justice require the assessment of those costs to the respective Plaintiffs. Pursuant to Rule 54(d)(1)(D) the court makes the following findings. . . ." The district court continued to describe in detail the costs of photocopying, travel, exhibit preparation, transcripts and expert witness fees, and within each subheading, the district court explained that these costs were necessary and exceptional and reasonably incurred given the complexity and nature of the case. The district court explained that "[i]n allocat-

ing the common account discretionary costs, the Court took every effort to make a just apportionment. In arriving at an allocation amount for each Plaintiff, the Court considered the original recovery sought by each Plaintiff, the number of Plaintiffs party to this litigation at any given time, and the legal work necessitated by each Plaintiff's claim."

██ Cate argues that the district court does not explain what is "exceptional" about the costs listed by NWP. It is within the discretion of the district court to determine whether or not a cost is exceptional. There is no indication that the district court abused its discretion in making its findings. *See Fish*, 131 Idaho at 493, 960 P.2d at 176. It appears that the totals reached by the district court were based on figures it found to be necessary, reasonable and exceptional given the magnitude and nature of the case.

### D. Despite Some Inequity, It Was Within The Discretion Of The District Court To Award Costs To NWP.

██ The Court acknowledged in *Great Plains I*, "[a]lthough this proposition may appear inequitable in light of the value contributed to the construction project by the use of claimants' equipment, we cannot supply new statutory meaning where the legislature has not clearly spoken." *Great Plains*, 132 Idaho at 763, 979 P.2d at 636.

Although the Court found in *Great Plains I* that Cate contributed value to NWP property without compensation, which is "inequitable," the crux of this issue is whether this Court can hold that the award of costs to NWP by the district court is an abuse of discretion. The Court has held that is within the district court's discretion to grant or deny costs and attorney fees based on the "interests of justice." *See Caldwell v. Idaho Youth Ranch, Inc.*, 132 Idaho 120, 128, 968 P.2d 215, 223 (1998). The inquiry is not whether this Court would have held differently, nor is it the standard of this Court's review. Certainly this case tests the boundaries of the "interests of justice" when NWP received value from the subcontractors that it did not pay for, but whether the district court chooses to grant or deny costs to a party on equity grounds is within its discretion. Considering the outcome in *Great Plains I*, this court cannot say the district court abused its discretion in awarding costs.

### V.

### CATE–IDAHO WAIVED ITS RIGHT TO OBJECT TO NWP'S MEMORANDUM OF COSTS.

██ NWP claims that Cate waived the right to contest NWP's memorandum of costs by failing to object within the 14–day limit outlined in I.R.C.P. 54(d)(6).

I.R.C.P. 54(d)(5) states:

At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment. Such memorandum must state that to the best of the party's known knowledge and belief the items are correct and that the costs claimed are in compliance with this rule. Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs. A memorandum of costs prematurely filed shall be considered timely.

I.R.C.P. 54(d)(6) states:

Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen (14) days of service of the memorandum of cost. Such motion shall not stay execution on the judgment, exclusive of costs, and shall be heard and determined by the court as other motions under these rules. Failure to timely object to the items in the other memorandum of costs shall constitute a waiver of all objections to the costs claimed.

The memorandum of costs was served and filed June 3, 1999. Idaho Rule of Civil Procedure 54(d)(6) states that a failure to object to the memorandum of costs within 14 days constitutes a waiver. Cate filed an objection

to the motion on September 7, 1999, well beyond the 14-day time limit. Cate waived any objection it had to NWP's memorandum of costs.

## VI.

## COURTESY FORD LINCOLN MERCU-RY, INC., AND DARBY ENTERPRIS-ES, INC., ARE LIABLE FOR ATTOR-NEY FEES AWARDED TO NWP BY THE DISTRICT COURT.

NWP claims that the district court's award of costs and attorney fees against Courtesy Ford and Darby also must be affirmed based on I.C. § 12–120(1), which states in pertinent part: "Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees."

The phrase "[e]xcept as provided in subsections (3) and (4)" means: if it is not a commercial transaction (3) or a personal injury (4), I.C. § 12–120(1) applies. Courtesy Ford and Darby pled less than $25,000 and are not prevailing parties; therefore, the awards made to NWP against these plaintiffs only, are affirmed.

## VII.

## CONCLUSION

All attorney fee awards by the district court are vacated with the exception of the awards against Courtesy Ford Lincoln Mer-cury, Inc., and Darby Enterprises, Inc., which are affirmed. All cost awards are affirmed. No attorney fees or costs on appeal are allowed.

Chief Justice TROUT, and Justices KIDWELL and EISMANN concur.

Justice WALTERS, specially concurring.

I concur in the foregoing opinion, except as to Part V. While I do not disagree in principle with what is written there, I believe it is superfluous to this case. It appears to me that NWP raised the question of the untimeliness of Cate's objection to the cost bill in NWP's responsive brief in this appeal, at page 32, lines 1 through 3, as an alternative for us to affirm the district court's award of costs if we agreed with Cate that the district court erred in making the award. There was not a cross appeal by NWP on the timeliness issue, nor was there a challenge levied on appeal by Cate with regard to the question of the timeliness of its objection. Since we uphold the district court's award of costs on its merits, we need not discuss the alternative argument posed by NWP nor gratuitously offer an opinion on the application of the rules of procedure where the district court has not taken occasion to decide the question first and the question is not raised by either of the parties properly as an issue on appeal.