# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37981-2010

| | | |
|---|---|---|
| RON MARKIN, | ) | |
| | ) | **Boise, June 2012 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2012 Opinion No. 97** |
| v. | ) | |
| | ) | **Filed: June 29, 2012** |
| THOMAS WOLFF GROHMANN, | ) | |
| individually, | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIGITTA WOLFF-GROHMANN, | ) | |
| individually and as a member of | ) | |
| AQUASTAR INDUSTRIES, LLC, an | ) | |
| Arizona limited liability company, and DOES | ) | |
| I-X, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Blaine County. The Hon. Robert J. Elgee, District Judge.

The judgment of the district court is <u>reversed</u>.

Christopher P. Simms, Hailey, argued for appellant.

Stephen D. Thompson, Ketchum, argued for respondent.

---

EISMANN, Justice.

This is an appeal challenging the failure of the district court to give preclusive effect to a California federal district court judgment during a proceeding to grant recognition of a subsequent German judgment. We reverse the judgment of the district court.

## I.

### Factual Background.

Ron Markin (Plaintiff) executed a promissory note dated November 1, 1988, agreeing to pay Thomas Grohmann (Defendant) the sum of $551,292.00, with interest at ten percent per annum. The loan was for a business transaction between the parties.

In September of 1997, Plaintiff sued Defendant in the United States District Court for the Central District of California in order to collect the promissory note. At that time, Defendant resided in Scottsdale, Arizona. On November 14, 1997, the parties entered into a written settlement agreement to resolve the lawsuit. The agreement provided that the principal and interest owing totaled $950,115.46; that the lawsuit would be dismissed if that sum, plus interest at ten percent per annum, was paid according to the terms of the agreement; that the court would retain jurisdiction to enforce the agreement; that if the amount due under the agreement was not paid in full as provided in the agreement, Plaintiff could obtain a judgment as provided in section 664.6 of the California Code of Civil Procedure;[1] and that the agreement "shall be governed by and interpreted under the laws of the State of California." On November 26, 1997, the court entered an order retaining jurisdiction to enforce the agreement. Defendant failed to pay according to the agreement, and on December 18, 2000, Plaintiff obtained an ex parte judgment against Defendant for "the sum of $1,211,675.60, with daily interest of $260.31 from November 27, 2000, and attorney's fees in the amount of $1500.00."

After learning that Defendant owned real property in Germany, Plaintiff commenced a civil action in Germany on March 15, 2004, to enforce the California judgment. The German trial court dismissed the action on the ground that the judgment was not enforceable under German law.[2] Plaintiff appealed and asserted that if the judgment was not enforceable, he could

---

[1] The statute provides:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement. Cal. C. Civ. P. § 664.6.

[2] The German appellate court explained that the California judgment was not enforceable under German law because the settlement agreement was reached by the parties without the involvement of the federal district court, and, when entering the judgment, the court merely determined that Defendant had failed to comply with the terms of the agreement and did not reach its independent decision as to the merits of the settlement agreement. The appellate court explained as follows:

> Of course, an outside of court arbitration, which the parties here call "outside the presence of the court", without the involvement of the court, be considered equal to a decree, if, at its conclusion, the arbitration is officially examined by the court on its own account and - accepted as a decree

recover on the settlement agreement upon which that judgment was based. The appellate court agreed, and on November 22, 2006, it issued an opinion ordering Defendant to pay Plaintiff the sum of $1,213,175.50.[3] The court held that it could enter a judgment against Defendant based upon the settlement agreement because he had previously been a German citizen. The German judgment is a final judgment under German law.

Defendant had raised the issue of the statute of limitations, and the German appellate court held that "the appropriate statute of limitations in accord with the Code of Civil Procedure, Section 686.020 of the State of California, the period lasts ten years, and that time had not run out when the amended complaint was raised." Section 686.020 of the California Code of Civil Procedure is not a statute of limitations. It merely provides, "After the death of the judgment debtor, enforcement of a judgment against property in the judgment debtor's estate is governed by the Probate Code, and not by this title." Cal. C. Civ. P. § 686.020. The German court apparently meant section 683.020 of the California Code of Civil Procedure. However, that code section is not a statute of limitations either. It merely provides that a money judgment may not be enforced after the expiration of ten years after the date of entry.[4] The California statute of limitations for bringing an action on a judgment is ten years, Cal. C. Civ. P. §§ 335 & 337.5, but the German proceedings were not an action on a judgment. They were an action to enforce the

---

with the agreed wording - as the judge's own decision. This is here in the petition of the plaintiff himself not the case. . . . To this corresponds the statement in the petition for a new decree, according to which the court in its decision on December 18, 2000, merely checked as to whether the defendant had complied with his responsibilities from the arbitration. This is not the same as a court decision as to the material legitimacy of the basis of the arbitration claim.

(Citation omitted.)

[3] In its opinion, the German appellate court wrote:

The District Court has, to wit, rejected the petition as to the declaration as to enforceability. The plaintiff can, however, immediately make a claim for the payment of 1,213,175.50 USD based on the arbitration agreement reached by the parties on November 14, 1997.

[4] The statute provides:

Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:
(a) The judgment may not be enforced.
(b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.
(c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

Cal. C. Civ. P. § 683.020.

settlement agreement. The California statute of limitations for an action on a written contract, such as the settlement agreement, is four years. Cal. C. Civ. P. §§ 335 & 337.

After conducting a nationwide search, Plaintiff discovered property in Blaine County, Idaho, in which he believed Defendant had an interest. On August 12, 2009, Plaintiff filed this action seeking to have the German judgment recognized in Idaho pursuant to the Uniform Foreign Country Money Judgments Recognition Act, Idaho Code sections 10-1401 through 10-1411.

Plaintiff moved for summary judgment, and Defendant argued in opposition that the doctrines of res judicata and merger barred enforcement of the German judgment. In making this argument, he relied upon the Full Faith and Credit Clause of the Constitution of the United States and Idaho Code section 10-1404(3)(d), which provides that a court of this state need not recognize a foreign judgment if it conflicts with another final and conclusive judgment.

The district court ruled that the doctrines of merger and res judicata were not relevant to the enforcement of a foreign judgment under the Act because the application of those doctrines was simply a matter of law to be considered by the forum court, which in this case was the German appellate court. It also ruled that those doctrines were not relevant to the Full Faith and Credit Clause. The court concluded that the German judgment did not conflict with the California judgment because they both had essentially the same result in awarding Plaintiff about $1.2 million. The court granted recognition of the German judgment, and Defendant then timely appealed.

## II.

**Does the Full Faith and Credit Clause Bar Recognition of the German Judgment?**

The Full Faith and Credit Clause of the Constitution of the United States provides, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1. Pursuant to that Clause, Congress has enacted 28 U.S.C. § 1738, which provides insofar as is relevant:

> Such Acts, records and judicial proceedings [of the legislature of any State, Territory, or Possession of the United States] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the

4

United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The Full Faith and Credit Clause requires that judgments to which that Clause applies be given res judicata effect.

> The Full Faith and Credit Clause does not compel "a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." Regarding judgments, however, the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. *For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force.*

*Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 232-33 (1998) (citations and footnote omitted) (emphasis added). "Full faith and credit thus generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke*, 375 U.S. 106, 109 (1963).

The Full Faith and Credit Clause also requires application of the doctrine of merger as applied in the forum state. As stated in *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 439 (1943):

> These consequences flow from the clear purpose of the full faith and credit clause to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that where the judgment was rendered, *so that a cause of action merged in a judgment in one state is likewise merged in every other.*

(Emphasis added).

However, the federal district court that issued the California judgment had jurisdiction based upon diversity of citizenship. Neither the Full Faith and Credit Clause nor 28 U.S.C. § 1738 addresses the claim-preclusive effect of a judgment in a federal diversity action. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-07 (2001). Therefore, the district court's conclusion that the Full Faith and Credit Clause was not implicated in this case was correct, although based upon an incorrect reason.

## III.

### Does the German Judgment Conflict With the California Judgment?

The district court held that the German judgment did not conflict with the California judgment because they both reached essentially the same result—Plaintiff was entitled to recover from Defendant about $1.2 million. That analysis was in error.

The claim-preclusive effect of a judgment entered in a diversity case is the same as that of a state-court judgment in the forum state. *Id.* at 509. Under California law, a money judgment is not simply a calculation of the amount owing at the time of the judgment. "As generally understood, [t]he doctrine of *res judicata* gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy. . . . In its primary aspect, commonly known as claim preclusion, it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (citations omitted in original; internal quotation marks omitted). "Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit . . . ." *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301-02 (Cal. 2002). When a cause of action is merged into the judgment, the cause of action is extinguished. *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1392 (Cal. 1972). In addition:

> The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.

*Panos v. Great Western Packing Co.*, 134 P.2d 242, 243 (Cal. 1943).

Thus, the California judgment extinguished Plaintiff's cause of action based upon the promissory note and the settlement agreement. Within ten years after the entry of the California judgment, Plaintiff could have brought proceedings in California to renew the judgment, Cal. C. Civ. P. §§ 683.110(a) & 683.120(b), or to obtain a judgment on the judgment, Cal. C. Civ. P. §§ 335 & 337.5. However, he could not have brought an action to recover on either the promissory note or the settlement agreement. His causes of action on those grounds were extinguished. The judgment brought an end to litigation on those causes of action. Because the German judgment

6

does not recognize the effect of a final judgment under California law, it conflicts with the California judgment. We therefore reverse the judgment of the district court recognizing the German judgment.

## IV.

### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Plaintiff seeks an award of attorney fees on appeal "under I.C. § 12-120, and IAR 41." Because he is not the prevailing party on appeal, he is not entitled to an award of attorney fees.

Defendant seeks an award of attorney fees on appeal under Idaho Code sections 12-120(3) and 12-123. With respect to section 12-120(3), he contends that this is an action to recover in a commercial transaction. This was a proceeding seeking to grant recognition of the German judgment. In order for the statute to apply, the judgment would have to constitute a commercial transaction between the parties. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 472-73, 36 P.3d 218, 224-25 (2001). Defendant argues that because the cause of action upon which the judgment was based was a commercial transaction, this action seeking recognition of that judgment must also be a commercial transaction. It is not. The proceeding is to recover on the judgment itself, not upon the settlement agreement. Defendant also seeks attorney fees under section 12-123, but that statute does not apply on appeal. *Spencer v. Jameson*, 147 Idaho 497, 507, 211 P.3d 106, 116 (2009).

## V.

### Conclusion.

The judgment of the district court is reversed. We award costs on appeal, but not attorney fees, to appellant.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

7