**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENERGY CONSULTING & MANAGEMENT SOLUTIONS, LLC, a Nebraska limited liability company, <br><br>     Plaintiff-counter-defendant-Appellant, <br><br>  v. <br><br> WESTERN STATES EQUIPMENT CO., an Idaho corporation, <br><br>     Defendant-counter-claimant-Appellee. | No. 12-35858 <br><br> D.C. No. 1:11-cv-00045-EJL-REB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 7, 2014
Seattle, Washington

Before: GOULD and CHRISTEN Circuit Judges, and KOBAYASHI, District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Plaintiff-counter-defendant-Appellant Energy Consulting & Management Solutions, LLC ("Energy Consulting") appeals the district court's grant of summary judgment and award of attorneys' fees in favor of Defendant-counter-claimant-Appellee Western States Equipment Co. ("Western States"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.  The Award of Summary Judgment

First, Energy Consulting challenges the district court's award of summary judgment in favor of Western States based on the court's finding that, under 11 U.S.C. § 365, any rights attendant to the July 2007 purchase order between non-party Renova Energy (ID) LLC ("Renova") and Western States ("the Purchase Order") were not transferred into the REID Liquidating Trust ("the Trust"). "We review the district court's grant of summary judgment de novo." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013) (citation omitted). We review the district court's findings of fact for clear error, and we review the district court's conclusions of law de novo. *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011). "In determining whether genuine issues of material fact remain, we are required to view all evidence and draw all inferences in the light most favorable to the nonmoving party." *Gravelet-Blondin*, 728 F.3d at 1090 (internal quotation marks omitted).

Pursuant to § 365, "the trustee, subject to the court's approval, may assume or reject any executory contract . . . of the debtor." 11 U.S.C. § 365(a). The trustee may also "assign an executory contract . . . of the debtor," but only if "the trustee assumes such contract . . . ." *Id.* § 365(f)(2)(A). "[T]he rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease." *Id.* § 365(g). "Should the [trustee] elect to assume the executory contract, however, it assumes the contract *cum onere*."[1] *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (citation omitted), *superceded in part on other grounds by* 11 U.S.C. § 1113.

The parties do not dispute that the Purchase Order is an executory contract, thereby implicating § 365 in the determination of whether the Trustee had the power to assign the Purchase Order, including any attendant rights. Energy Consulting argues that any causes of action arising out of the Purchase Order were transferred to the Trust separate and apart from the Purchase Order itself. Energy Consulting's argument, however, is inconsistent with the rule that a trustee must assume or reject an executory contract as a whole. *See Bildisco*, 465 U.S. at 531. Insofar as the parties do not dispute that the Purchase Order was not assumed

---

[1] "*Cum onere*" is defined as "[w]ith the burden." *Black's Law Dictionary* 437 (9th ed. 2009).

3

pursuant to § 365, and therefore was not transferred to the Trust, any rights attendant to the Purchase Order also were not transferred.

Second, Energy Consulting argues that the district court misinterpreted Section 2.4 of the Trust, based on its incorrect belief that rights attendant to an executory contract not assumed under § 365 could not be transferred. Energy Consulting contends that Section 2.4 merely prohibited the transfer of the rights attendant to the Purchase Order as if the Purchase Order had not been breached. Insofar as we conclude that the district court did not err in finding that rights attendant to the Purchase Order were not transferred to the Trust under § 365, the district court did not err with respect to its finding that Section 2.4 prohibited the transfer of the Purchase Order from the Trust to a third party, including any attendant rights.

Third, Energy Consulting argues that it presented claims, under Idaho law, for unjust enrichment and restitution that were incapable of summary disposition. Based on our finding that the Purchase Order and any attendant rights were not transferred into the Trust, the Trustee did not have the requisite power to execute the assignment of his "rights, titles and interests" in the Purchase Order to Energy Consulting ("the Assignment Agreement"). Thus, Energy Consulting is not in privity with Western States, and does not have valid claims for unjust enrichment

4

and restitution.

Fourth, Energy Consulting argues that the district court should have granted its Motion for Partial Summary Judgment with respect to its counterclaims against Western States based on the fact that Energy Consulting did not assume any obligations under the Purchase Order.

Article III of the Constitution requires that an "actual controversy" exist through all stages of litigation. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (citations omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* at 727 (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). Insofar as the Assignment Agreement was ineffective to transfer any interest in the Purchase Order, Renova – not Energy Consulting – remains liable to Western States for Renova's obligations under the Purchase Order. Thus, there is no longer a live controversy, and Western States's counterclaims are moot. To the extent that Energy Consulting's disputes regarding Western States's counterclaims are no longer embedded in an actual controversy as to Western States's legal rights under the Purchase Order, we need not address Energy Consulting's arguments with respect to its Motion for Partial Summary Judgment.

5

Accordingly, we **AFFIRM** the district court's order granting summary judgment in favor of Western States.

## II.   Award of Attorneys' Fees

Energy Consulting also challenges the district court's award of attorneys' fees to Western States under Idaho Code § 12-121 and under Idaho Code § 12-120(3). A district court's award of attorneys' fees under state law is reviewed for abuse of discretion. *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218-19 (9th Cir. 2013). Because our application of Idaho statutes is governed by state law, we apply Idaho's abuse of discretion standard. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1025 (9th Cir. 2003). This standard has three prongs: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the court reached its decision by an exercise of reason." *Id.* (citing *Fox v. Mountain W. Elec., Inc.*, 52 P.3d 848, 856 (Idaho 2002)).

### A.   Award Pursuant to Idaho Code § 12-121

The district court correctly concluded that Western States's motion for attorneys' fees sufficiently asserted a request for attorneys' fees pursuant to Idaho Code § 12-121, despite its failure to comply with Fed. R. Civ. P. 54(d)(2)(B)(ii).

6

The district court properly recognized that the § 12-121 request presented an issue of discretion. The district court awarded attorneys' fees to Western States under § 12-121, concluding that Energy Consulting's claims were without foundation and were unreasonably brought. The district court based this conclusion on its finding that Energy Consulting should have known that neither the Assignment Agreement nor the relevant legal authority supported its claims. We conclude that the district court's ruling was not "consistent with the legal standards applicable to the specific choices available to it." *See Champion Produce*, 342 F.3d at 1025. The Idaho Supreme Court has repeatedly limited the applicability of § 12-121 to only the most extreme cases. *See, e.g.*, *McCallister v. Dixon*, 303 P.3d 578, 586-87 (Idaho 2013) ("Attorney fees [under § 12-121] will not be awarded for arguments that are based on a good faith legal argument."); *Mortensen v. Stewart Title Guar. Co.*, 235 P.3d 387, 397 (Idaho 2010) ("Under I.C. § 12-121, [i]f there is a legitimate, triable issue of fact or a legitimate issue of law, attorney fees may not be awarded.") (alteration in *Mortensen*) (citation and quotation marks omitted); *Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009) ("When deciding whether attorney fees should be awarded under I.C. § 12-121, the entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded even though the losing party has asserted other factual or

7

legal claims that are frivolous, unreasonable, or without foundation."). Energy Consulting paid valuable consideration to a neutral third party for what it believed to be the rights under the Purchase Order. Energy Consulting raised non-frivolous and good faith legal arguments to support its position in the district court. Further, Energy Consulting's appeal presented legitimate legal issues. We therefore conclude that, although it was proper for the district court to consider Western States's request for fees pursuant to § 12-121, the district court abused its discretion in awarding attorneys' fees pursuant to § 12-121.

**B.** **Award Pursuant to Idaho Code § 12-120(3)**

Energy Consulting also argues that the district court abused its discretion in awarding Western States its attorneys' fees pursuant to Idaho Code § 12-120(3). Section 12-120(3) requires an award of reasonable attorneys' fees to the prevailing party in "any civil action to recover on . . . any commercial transaction[.]" The Idaho courts recognize that the existence of a commercial transaction is a question of law. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 222 (Idaho 2001). A court can conclude that the action sought to recover on a commercial transaction, even though "no liability under a contract was established" and "regardless of the proof that the commercial transaction alleged did, in fact, occur." *De Groot v. Standley Trenching, Inc.*, – P.3d –, No.

8

39406, 2014 WL 1266104, at *10 (Idaho Mar. 28, 2014) (citations and quotation marks omitted).  In determining whether the action sought to recover on a commercial transaction, the court will consider whether the parties alleged that § 12-120 applied.  *Id.*  Both Energy Consulting and Western States requested § 12-120 relief in their pleadings.  Neither contend the action involved a personal or household transaction.

We therefore conclude that both Energy Consulting's complaint and Western States's counterclaim sought to recover on a commercial transaction, and we agree with the district court's conclusion that, as the prevailing party, Western States was entitled to reasonable attorneys' fees pursuant to § 12-120(3).

Accordingly, we **AFFIRM** the district court's order awarding attorneys' fees to Western States.

AFFIRMED.

*Energy Consulting & Management Solutions, Inc. v. Western States Equipment*

*Co.*, No. 12-35858

GOULD, Circuit Judge, concurring in part and dissenting in part:

I join Parts I and II.A of the memorandum disposition. However, I respectfully dissent from Part II.B, the majority's affirmance of the district court's award of attorneys' fees to Western States under Idaho Code § 12-120(3). In sum, I would affirm the district court's grant of summary judgment, but reverse in full the award of attorneys' fees to Western States.

Section 12-120(3) requires a court to grant attorneys' fees to a prevailing party in litigation over a commercial transaction but only applies where the parties to the litigation are the same as the parties to the commercial transaction at issue. *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 283 P.3d 757, 778-79 (Idaho 2012) ("[O]nly the parties to the commercial transaction are entitled to attorney fees under I.C. § 12–120(3)."). Here, Western States entered into a commercial transaction with Renova, and Energy Consulting entered into a commercial transaction with Renova's bankruptcy trustee and liquidating trust, but Western States and Energy Consulting never directly engaged in a commercial transaction between themselves. *See Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 224-25 (Idaho 2001) ("The only commercial transaction took place between the respective subcontractor and GPPC, and GPPC and NWP. At no point were

NWP and the subcontractors involved in a transaction. . . . Consequently, NWP as the prevailing party cannot rely on I.C. § 12-120(3) for an award of attorney fees."). Although the majority is correct to note that a commercial transaction need merely be alleged in order to support attorneys fees under Section 12-120(3), *see De Groot v. Standley Trenching, Inc.*, — P.3d —, No. 29406, 2014 WL 1266104, at *10 (Idaho Mar. 28, 2014)*, the commercial transaction that was alleged as the grounds for this suit was not between Western States and Energy Consulting. It was the purported transfer of contract rights from Renova to the REID liquidating trust, and from the trust to Energy Consulting. Further, while the parties pleadings are appropriate for consideration in analyzing this question, the pleadings cannot manufacture a direct commercial relationship where none exists. I do not think that the limited interactions between Energy Consulting and Western States that led up to this litigation constituted a "commercial transaction." and therefore cannot agree that Western States is entitled to an award of fees under Section 12-120(3).