GOULD, Circuit Judge,
concurring in part and dissenting in part:
I join Parts I and II.A of the memorandum disposition. However, I respectfully dissent from Part II.B, the majority’s af-firmance of the district court’s award of attorneys’ fees to Western States under Idaho Code § 12-120(3). In sum, I would affirm the district court’s grant of summary judgment, but reverse in full the *768 award of attorneys’ fees to Western States.
Section 12-120(3) requires a court to grant attorneys’ fees to a prevailing party in litigation over a commercial transaction but only applies where the parties to the litigation are the same as the parties to the commercial transaction at issue. Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc., 158 Idaho 440, 283 P.3d 757, 778-79 (2012) (“[0]nly the parties to the commercial transaction are entitled to attorney fees under I.C. § 12-120(3).”). Here, Western States entered into a commercial transaction with Renova, and Energy Consulting entered into a commercial transaction with Renova’s bankruptcy trustee and liquidating trust, but Western States and Energy Consulting never directly engaged in a commercial transaction between themselves. See Great Plains Equip., Inc. v. Nw. Pipeline Corp., 136 Idaho 466, 36 P.3d 218, 224-25 (2001) (“The only commercial transaction took place between the respective subcontractor and GPPC, and GPPC and NWP. At no point were NWP and the subcontractors involved in a transaction.... Consequently, NWP as the prevailing party cannot rely on I.C. § 12-120(3) for an award of attorney fees.”). Although the majority is correct to note that a commercial transaction need merely be alleged in order to support attorneys fees under Section 12-120(3), see De Groot v. Standley Trenching, Inc., — P.3d-, No. 39406, 2014 WL 1266104, at *10 (Idaho Mar. 28, 2014), the commercial transaction that was alleged as the grounds for this suit was not between Western States and Energy Consulting. It was the purported transfer of contract rights from Renova to the REID liquidating trust, and from the trust to Energy Consulting. Further, while the parties pleadings are appropriate for consideration in analyzing this question, the pleadings cannot manufacture a direct commercial relationship where none exists. I do not think that the limited interactions between Energy Consulting and Western States that led up to this litigation constituted a “commercial transaction.” and therefore cannot agree that Western States is entitled to an award of fees under Section 12-120(3).