Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write to add further reasons to show why the district court’s decision on remand was ridiculous.
In the district court, “Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs.” I.R.C.P. 54(e)(5). Costs are only allowed to a prevailing party. I.R.C.P. 54(d)(1)(A), (B). Any party who claims costs must timely file and serve a memorandum of costs on the adverse party. I.R.C.P. 54(d)(5).
Prior to the first appeal, the district court ruled in favor of The Golf Club by granting its motion for summary judgment and denying Sky Canyon’s motion for summary judg *167 ment. The Golf Club then filed and served a memorandum of costs, and at that point it was clearly the prevailing party. Sky Canyon appealed. Obviously, Sky Canyon, as the losing party, had not requested costs in the district court, and it did not appeal to this Court the district court’s failure to sua sponte award it costs. It did, however, request an award of attorney fees on appeal.
Sky Canyon prevailed on appeal, and this Court reversed the judgment of the district court. As a result, this Court held, “Because the appellants [Sky Canyon] are the prevailing party on appeal, they are entitled to an award of costs incurred, reasonable attorney fees, and legal assistant fees pursuant to section 24.8 of the CC&R’s.” Sky Canyon Props., LLC v. Golf Club at Black Rock, LLC, 155 Idaho 604, 610, 315 P.3d 792, 798 (2013). This Court did not decide the issue of whether Sky Canyon was entitled to an award of costs in the district court because that was not an issue on appeal.
Under the clearly stated existing law, once the case was remanded to the district court, Sky Canyon could request an award of costs, including attorney fees incurred in the district court. As we had explained over thirteen years earlier in Great Plains Equip., Inc. v. Nw. Pipeline Corp., 136 Idaho 466, 36 P.3d 218 (2001):
A. The District Court Had Post-Appeal Jurisdiction To Determine The Prevailing Party And Award Costs.
The district court held that due to this Court’s reversal of the original district court ruling in Great Plains I, it had jurisdiction to make a determination of what party was the prevailing party and whether the prevailing party was entitled to attorney fees. See Hutchins v. State, 100 Idaho 661, 603 P.2d 995 (1979) (“After a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court.”); see also J.R. Simplot Co. v. Chemetics Int’l, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997)(Where this Court did not pass on the question of whether a party was or was not entitled to attorney fees as the prevailing party, the district court had jurisdiction to determine the prevailing party and award attorney fees accordingly.); see also Hummer v. Evans, 132 Idaho 830, 833, 979 P.2d 1188, 1191 (1999)(Where the reversal of a verdict in an appeal changed the prevailing party, the district judge had jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal.). The decision in Great Plains I changed the prevailing party. Consequently, the district court had jurisdiction to make post-appeal determinations concerning costs which were otherwise unresolved. The district court correctly found that NWP was the prevailing party as to the plaintiff-appellants involved in this appeal.
B. The Court’s Remittitur In Great Plains I Did Not Preclude Any Further Award Of Attorney Fees.
In its remittitur, this court wrote “no costs or attorney fees allowed.” This represented a determination that no attorney fees would be allowed on appeal. The remittitur must remain consistent with the opinion and cannot go beyond the scope of the opinion. The opinion of Great Plains I established that the awards of costs and fees to the certain plaintiffs were to be vacated and that no attorney fees or costs were to be awarded on appeal. The remittitur did not preclude the district court from making an award of costs and attorney fees.
Id. at 473-74, 36 P.3d at 225-26 (emphases added).
The district court’s ruling on remand would require the losing party to file a memorandum of costs seeking an award of court costs, including attorney fees. The prevailing party would then have to file a motion to disallow those costs; the district court would have to enter an order denying costs to the losing party because it was not the prevailing party; and the losing party would then have to appeal the order denying it costs in order to preserve the right to seek costs in the district court if the losing party in the dis *168 trict court prevails on appeal. That procedure would be ridiculous.